## GLAZIER v. ROBERTS et al.
### No. 13564.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 11, 1938.

Slay & Simon, of Fort Worth, for appellant.

McGown & McGown, John M. Scott Jr., and B. E. Godfrey, all of Fort Worth, for appellee W. E. Roberts.

Marvin B. Simpson and Harris Brewster, both of Fort Worth, for appellee Mrs Corinne Fickas.

PER CURIAM.

This is a motion for rehearing by appellant, Joseph Glazier, on judgments entered by this court on motions by both appellees to have the mandate in this cause issued without payment of costs.

On January 14, 1938, we granted the respective motions of appellees in this case and directed the issuance of mandate without payment of costs; on the same day we overruled appellant's application for writ of certiorari, to bring before this court, as a part of the record, a cost bond filed in the trial court; we also on the same day overruled appellant's motion to tax the cost of appeal in this case against certain persons alleged to be sureties on a bond filed in the trial court.

The motions to issue mandate were contested by appellant, by affidavits and extracts from testimony taken upon the trial, along with certified copies of documentary evidence; but, as shown, we sustained the motions to issue mandate.

The motion for certiorari was to bring into the record on the appeal a certain bond

filed in the trial court by the appellee, Roberts, with a view to have the costs of appeal taxed against the sureties on the said bond. Our several orders referred to were made without comment.

In the motion before us, we are asked that in the event we overrule the request for a rehearing, that we indicate whether, by our former orders, we meant to hold that the property, described in the contest of the motion of appellee, Mrs. Corinne Fickas, was exempt and not subject to execution, and whether we determined by our order that the sureties on the bond filed by appellee, Roberts, in the trial court, were not liable for the costs incurred on appeal. We think appellant is entitled to have our orders thus clarified, since he indicates that he may desire in the future to take further action in regard to one or both said matters.

Our orders did not in any way adjudicate the two questions involved. If the orders entered are insufficient to make this plain, then they are here modified and amended so as to definitely settle those questions in that way; that is, that each and all said orders were made and entered without prejudice in any way to any right or remedy appellant may have with reference to any property owned or claimed by appellee, Mrs. Corrine Fickas, or as against the sureties on the bond referred to; and said orders shall not be construed to interfere with any such rights as appellant may be entitled to enforce against either of said parties.

With the above explanation and modification of said orders of this court, the motion for rehearing is overruled.